**UNITED STATES, Appellee,**

**v.**

**John DOE, Defendant–Appellant.**

**Docket No. 02–1493.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 22, 2003.

Decided: April 21, 2004.

---

Lawrence Mark Stern, New York, NY, for Defendant–Appellant.

Bret R. Williams, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney, Gary Stein, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

Before: WINTER, CABRANES, and SACK, Circuit Judges.

SACK, Circuit Judge.

The defendant-appellant appeals from a judgment entered August 23, 2002, in the United States District Court for the South-

ern District of New York (Gerard E. Lynch, *Judge*) convicting the defendant, after a plea of guilty, of various federal drug charges. The defendant asserts that he received ineffective assistance of counsel during sentencing proceedings before the district court. We decline to address this issue on direct appeal. The defendant may raise it in due course in a timely motion under 28 U.S.C. § 2255.

## BACKGROUND

The defendant, represented by retained counsel, pleaded guilty to four counts of distributing and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). He was sentenced by the district court principally to 151 months' incarceration, followed by five years' supervised release.

Retained counsel filed a notice of appeal. He then moved to withdraw on appeal, at least in part because the defendant could no longer pay his fees. We granted the motion. After his withdrawal, counsel nonetheless filed a brief alleging his own ineffective assistance in failing to raise certain issues during the defendant's sentencing. Represented by new, assigned counsel on appeal, the defendant now reasserts that he received ineffective assistance of trial counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because, during the course of the sentencing proceedings before the district court, his lawyer (1) failed to move for specific performance of an alleged cooperation agreement with federal law enforcement agents pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1, and (2) failed to move for a downward departure pursuant to U.S.S.G. § 5K2.0 on the

basis of alleged acts of local law enforcement agents in misleading him in order to induce him to cooperate with the government.

## DISCUSSION

When a criminal defendant on direct appeal asserts trial counsel's ineffective assistance to the defendant, as the defendant does here, we may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent [28 U.S.C.] § 2255 [motion]; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *United States v. Leone*, 215 F.3d 253, 256 (2d Cir.2000).[1] Because both parties agree, as do we, that the record before us is not adequately developed to allow us to decide the claim based upon it, our choice of the manner in which the claim will be resolved is limited to the first two *Leone* options: dismissal in favor of the defendant bringing a section 2255 motion, or remand to the district court for further factfinding on the issue. We choose the former.

The Supreme Court recently observed that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance." *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003). We have read that statement to support a choice to decline to remand for a hearing on an ineffectiveness claim. *United States v. Morris*, 350 F.3d 32, 39 (2d Cir.2003) (invoking also our "baseline aversion to resolving ineffectiveness claims on direct review" (internal quotation marks omitted) (quoting *United States v. Salameh*, 152 F.3d 88, 161 (2d Cir.1998)

---

1. A motion pursuant to 28 U.S.C. § 2255 is the mechanism, analogous to the petition for writ of habeas corpus available to state prisoners, *see* 28 U.S.C. § 2254, by which prisoners in federal custody may collaterally attack their convictions in federal court.

(per curiam))); *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir.2003) (citing *Massaro* in "declin[ing] to address [an] ineffective assistance claim on ... direct appeal").

The Supreme Court has not squarely addressed, however, the relative merits of resolving ineffectiveness claims by way of remand and direct review or eventual section 2255 motion and appeal. *Massaro* held only that in order for a defendant to assert an ineffective assistance of counsel claim in a subsequent section 2255 motion, the claim "need not be raised on direct appeal, whether or not there is new counsel and whether or not the basis for the claim is apparent from the trial record." *Massaro*, 538 U.S. at ——, 123 S.Ct. at 1693. It did not express a preference either for or against remanding for factfinding where the claims have in fact been raised on direct appeal. The statement in *Massaro* that "a motion brought under § 2255 is preferable to direct appeal," *id.* at ——, 123 S.Ct. at 1694, seems to reflect no more than the Court's observation that "the district court [is] the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial," *id.*, 123 S.Ct. at 1694. That end is also served by a remand to the district court for it to make such a determination, thereby providing us with an adequate record on which to review counsel's effectiveness on direct appeal. Moreover, *Massaro* expressly "[did] not hold that ineffective-assistance claims must be reserved for collateral review." *Id.* at ——, 123 S.Ct. at 1696.

We have from time to time ourselves remanded in the course of a direct appeal

for the district court to resolve an ineffectiveness claim in the first instance, permitting us to review that resolution as part of any subsequent appeal. Following passage of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"), we stated that AEDPA's restrictions on a prisoner's ability to seek more than one federal habeas petition presented "a significant reason" not to dismiss ineffective assistance claims raised on direct review in favor of collateral attack under section 2255. *United States v. Pena*, 233 F.3d 170, 174 (2d Cir.2000) (citing *Leone*, 215 F.3d at 256–57). Thus, in *Leone*, we "exercise[d] our discretion to remand to the district court for further fact-finding rather than to dismiss the appeal and force the appellant to use up his only habeas petition." *Leone*, 215 F.3d at 257; *accord United States v. Cox*, 245 F.3d 126, 132 (2d Cir.2001). In the very case in which we expressed our "baseline aversion to resolving ineffectiveness claims on direct review," moreover, we remanded the claim in question to the district court for further factfinding. *Salameh*, 152 F.3d at 161.[2] We do not think that *Massaro* casts sufficient doubt on the soundness of these decisions to be read as overruling them. *See Union of Needletrades, Indus. & Textile Employees v. INS*, 336 F.3d 200, 210 (2d Cir.2003) (noting that one panel of this Court can overrule a prior decision of another "where there has been an intervening Supreme Court decision that casts doubt on our controlling precedent"); *cf.* Case Comment, *Appellate Procedure—Force of Circuit Precedent—Miller v. Gammie*, 117 Harv. L. Rev. 719 (2003) (discussing differing circuit standards for

2. The District of Columbia Circuit has chosen, as a general rule, to remand ineffective assistance of counsel claims, even when they are the sole claims on appeal, rather than to dismiss in favor of a section 2255 motion.

*See United States v. Rashad*, 331 F.3d 908, 911 (D.C.Cir.2003). While we do not doubt that this approach is consistent with *Massaro*, *id.*, for the reasons that follow, we are unpersuaded that it is usually the better course.

overruling prior panel decisions based on intervening Supreme Court rulings). Thus, in our recent *Morris* decision, we relied on *Massaro* as support for our decision not to remand an ineffective assistance claim, but quoted *Leone* for the proposition that "remand[ing such a] claim to the district court for necessary factfinding" remained an option. *Morris*, 350 F.3d at 39.

■ We nonetheless decline to remand this case to the district court. We think that a collateral proceeding under section 2255 provides the defendant with an ample remedy for any ineffectiveness claim. It seems to us, moreover, that judicial economy is served by requiring the district court to await the defendant's collateral section 2255 motion before addressing his ineffectiveness claim. The court will then be able to decide all of the defendant's collateral claims in one proceeding rather than deciding his ineffectiveness claim now, on remand, and his other collateral claims, should any arise, later, when considering a section 2255 motion. We think that although *Massaro* does not dictate this result, it is in harmony with *Massaro*'s repeatedly stated concern that ineffective assistance claims be addressed efficiently. *See Massaro*, 538 U.S. at ——, 123 S.Ct. at 1693–95.

To be sure, because AEDPA places "stringent limits" on the defendant's ability to bring a second or successive section 2255 motion, *Adams v. United States*, 155 F.3d 582, 583 (2d Cir.1998) (per curiam), he will have reason to postpone his assertion of an ineffective assistance claim until he is also ready to make any other claim or claims he may wish to make by means of a section 2255 motion. We do not think that in this case this consideration weighs significantly in favor of a remand, however. In light of the fact that the defendant must in any event make his section 2255 motion

within one year after the latest of the dates specified in that section, and considering the time it ordinarily takes litigants and lawyers to prepare motions and appeals—and district courts and courts of appeals to decide them—the delay occasioned by his being unable to have his ineffectiveness claim decided immediately upon remand is unlikely to have a material impact on the promptness of its resolution.

In this case, moreover, the defendant has been sentenced to more than ten years' incarceration. He seeks to have that sentence reduced based on asserted promises from law enforcement officials. Even were the defendant to prevail on his argument, we think the chances remote that any such downward departure affecting the length of his sentence would be of such magnitude that requiring factual issues underlying his claims to be determined now on remand instead of in due course under section 2255 would have an impact on the overall amount of time the defendant serves on the present charges against him.

We are also not troubled by the fact that in order to obtain this Court's review of his ineffectiveness claim should his section 2255 motion fail, the defendant must first obtain a certificate of appealability from the district court, this Court, or the Circuit Justice, Fed. R.App. Proc. 22(b)(1); 28 U.S.C. § 2253(c), a requirement that would not encumber him were we to remand for factfinding now. If, at such time, the defendant establishes that he "has made a substantial showing of the denial of [his] constitutional right [to counsel]," *id.* § 2253(c)(2), such a certificate will issue and we will hear the appeal.

■ Finally, we assume that the defendant is correct to observe that, were we to remand the case to the district court for a hearing and a subsequent appeal, the defendant would be entitled to court-appoint-

ed counsel to argue ineffective assistance of counsel. *See Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (observing that the criminal defendant's right to counsel extends through his or her first appeal); *Ross v. Moffitt,* 417 U.S. 600, 610, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) (holding criminal defendant's right to counsel at trial to be "fundamental"); *Hines v. Miller,* 318 F.3d 157, 167 (2d Cir.2003) ("[T]he right to counsel applies equally to the trial and sentencing phases of a defendant's proceedings."). He will have no such right to counsel in presenting his argument on the effectiveness issue if he does so by way of a section 2255 motion. *See Bloomer v. United States,* 162 F.3d 187, 191 n. 1 (2d Cir.1998) (citing *McCleskey v. Zant,* 499 U.S. 467, 495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)). We do not find persuasive, however, the defendant's argument that because dismissal of the appeal will not preserve his right to counsel, we should therefore remand for consideration of the ineffectiveness issue.

First, it proves too much. If we agreed with the defendant, then to preserve the right to counsel we would be required to remand every ineffectiveness claim that cannot be decided on the record on appeal rather than await its presentation in a section 2255 motion. That is inconsistent with our precedent which permits just such consideration on a subsequent motion rather than on remand. *See, e.g., Morris, supra.*

Second, our acceptance of the argument would establish, in effect, a constitutional right to representation by counsel in pursuit of an ineffectiveness claim. We know

of no authority for the existence of such a right.

Third, a rule preferring remand to section 2255 proceedings in order to preserve a right to counsel on the ineffectiveness issue might well give defendants an incentive to seek to replace trial counsel on direct appeal because only new counsel is likely to be in a position to pursue the issue, obtain the remand, and thus preserve a right to counsel. *See Leone,* 215 F.3d at 256 ("[W]e cannot expect ineffective assistance claims to be raised on direct appeal ... when a petitioner's counsel on direct appeal also represented him at trial." (internal quotation marks and citation omitted)); *Bloomer,* 162 F.3d at 192 (suggesting that trial counsel's raising such a claim involves an "inherent conflict of interest"). That incentive could prove to be perverse. Trial counsel might otherwise be the better choice as counsel on appeal as a matter of competence, familiarity with the issues, familiarity with the defendant, convenience, or efficiency.[3]

In any event, even if the defendant cannot retain his right to counsel with respect to this issue by obtaining a remand, if he cannot afford counsel on a section 2255 motion pursuing his ineffectiveness claim, and if the district court or we find it to be required by "the interests of justice," 18 U.S.C. § 3006A(a)(2)(B), counsel may be appointed for him at that time.

We cannot and do not rule out the possibility that circumstances may arise in which a remand for further factfinding followed by a direct appeal—preceding any motion under section 2255—might be the better way to address an ineffectiveness claim. This, we conclude, is not such a case.

---

**3.** Compare the Supreme Court's observation that a rule requiring new counsel to raise ineffectiveness claims developed on the record on direct appeal created "perverse incentives for counsel on direct appeal ... to bring claims of ineffective trial counsel, regardless of merit." *Massaro,* 538 U.S. at ——, 123 S.Ct. at 1695.

## CONCLUSION

For the foregoing reasons, the defendant's appeal, in which he asserts only issues of ineffectiveness of counsel at sentencing, is dismissed.