**UNITED STATES of America,**
**Appellee,**

v.

**Jean MENELAS, Defendant,**

**Evensley Jean Pierre Defendant–Appellant.**

**No. 05–0941–CR.**

United States Court of Appeals, Second Circuit.

Dec. 29, 2005.

John H. Jacobs (Stephanie V. Plauman, on the brief), New York, N.Y. for Defendant–Appellant.

Carrie Capwell, Assistant United States Attorney, (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Susan Corkery, Assistant United

States Attorney, on the brief), Appellee, of counsel.

Present: Hon. Dennis JACOBS, Hon. Chester J. STRAUB, and Hon. Rosemary S. POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Evensley Jean Pierre ("Jean Pierre") appeals from his conviction for conspiracy to possess cocaine with intent to distribute and attempted possession of cocaine with intent to distribute. Jean Pierre challenges an evidentiary ruling, and argues that he was afforded ineffective assistance of counsel at trial. The district court allowed an Immigration and Customs Enforcement ("ICE") agent to recount an out-of-court statement for the purposes of explaining the government's search methodology. Evidentiary decisions of the district court are reviewed for abuse of discretion, though reversal is not warranted if the district court's error proves harmless. *United States v. Garcia,* 413 F.3d 201, 210 (2d Cir.2005).

1. Jean Pierre claims that the challenged statement should have been excluded, under Rule 403, on the ground that its prejudicial effect substantially outweighed its probative value. *See* Fed.R.Evid. 403. However, the admitted statement did no more than confirm facts undisputed. Jean Pierre does not dispute that Menelas was scheduled to meet Jean Pierre; although Jean Pierre claims that he planned to provide no criminal assistance to Menelas, the disputed statement has no bearing on that issue. Therefore, no prejudice was possible. The district court did not abuse its discretion in admitting the statement.

2. Jean Pierre also argues that his counsel was ineffective. We decline to address this argument on direct appeal, however, as Jean Pierre makes various factual assertions about his counsel's performance that would be better addressed in the district court in the first instance. *See Massaro v. United States,* 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Pierre may bring his ineffective assistance claim in the context of a proceeding under 28 U.S.C. § 2255 in the district court, which will allow the court to address all of his collateral claims at once. *See United States v. Doe,* 365 F.3d 150, 154 (2d Cir.) *cert. denied* 543 U.S. 975, 125 S.Ct. 449, 160 L.Ed.2d 351 (2004).

For the foregoing reasons, we AFFIRM the judgment of the district court.