**UNITED STATES of America,**
**Appellee,**

v.

**Douglas JENNINGS, Defendant–**
**Appellant.**

No. 07–0885–cr.

United States Court of Appeals,
Second Circuit.

June 19, 2008.

Randall D. Unger, Bayside, NY, for Defendant–Appellant.

Paul D. Silver, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney, Northern District of New York, on the brief, Miroslav Lovric, Assistant United States Attorney, of counsel), United States Attorney's Office for the Northern District of New York, Albany, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, Circuit Judge and Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

### SUMMARY ORDER

Following a guilty plea in the United States District Court for the Northern District of New York (McAvoy, *J.*), Defendant–Appellant Douglas Jennings was convicted of production, receipt and possession of child pornography, in violation of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A) and (B), and 18 U.S.C. § 2252A(a)(5)(B), respectively. The district court (McAvoy, *J.*), sentenced Jennings principally to a term of 600 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

■ Jennings argues that he was denied effective assistance of counsel because his attorney failed to explain to him why he should execute a plea agreement. "When a criminal defendant on direct appeal as-

serts trial counsel's ineffective assistance to the defendant, ... we may (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent [28 U.S.C.] § 2255 [motion]; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *United States v. Doe,* 365 F.3d 150, 152 (2d Cir.2004) (alterations in original and internal quotation marks omitted). Although we prefer an ineffectiveness claim to be made in the first instance in the district court, we will consider it on direct appeal when, as here, "its resolution is beyond any doubt...." *United States v. Stantini,* 85 F.3d 9, 20 (2d Cir.1996) (internal quotation marks omitted).

■ Jennings must establish that counsel's conduct "fell below an objective standard of reasonableness" under "prevailing professional norms," *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that there is a "reasonable probability" that absent counsel's error, the outcome of the proceeding would have been different, *id.* at 694, 104 S.Ct. 2052. Jennings faults counsel for failing to explain to him why he should execute the plea agreement. However, Jennings concedes that counsel advised him to sign the plea agreement. In addition, counsel confirmed to the district court that he reviewed the plea offer with Jennings, discussed the relevant statutory penalties and applicable Guidelines ranges, and warned that there were no viable defenses for trial. Nevertheless, Jennings chose to reject the plea bargain and plead guilty to all counts. It is beyond any doubt that counsel's performance was not ineffective. *See Purdy v. United States,* 208 F.3d 41, 44–45 (2d Cir.2000) ("[D]e-

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

fense counsel must give the client the benefit of counsel's professional advice on [the] crucial decision of whether to plead guilty," "must communicate to the defendant the terms of the plea offer, and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed." (internal citations and quotation marks omitted)); *id.* at 45 ("[T]he ultimate decision whether to plead guilty must be made by the defendant.").

■ ■ Jennings challenges the reasonableness of his sentence. He argues that the district court failed to give appropriate consideration to the applicable sentencing factors, 18 U.S.C. § 3553(a), but "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir.2006). Moreover, the district court indicated during sentencing that it considered Jennings's conduct, the need for punishment and deterrence, protection of the public, and rehabilitation. No record evidence suggests that the district court failed to give due consideration to the applicable sentencing factors.

Jennings also argues that his 600–month Guidelines sentence is substantively unreasonable given his age, expression of remorse, and the lower average sentences imposed on defendants guilty of similar conduct in this Circuit. "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *Id.* at 27. Although we do not presume that a Guidelines sentence is reasonable, we have "recognize[d] that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Id.*; *cf. Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2464–65, 168 L.Ed.2d 203 (2007). In light of the gravity of Jennings's offenses and the many aggravating factors—including his sexual abuse of a minor—we cannot conclude that his sentence falls outside that overwhelming majority.

Finding no merit in Jennings's remaining arguments, the judgment of the district court is hereby **AFFIRMED**.