**UNITED STATES of America,**
**Appellee,**

v.

**Guillermo LOPEZ, Defendant–**
**Appellant.**

No. 08–0130–cr.

United States Court of Appeals,
Second Circuit.

Dec. 18, 2008.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

Anjan Sahni, Assistant United States Attorney (Michael J. Garcia, United States Attorney, on the brief, Katherine Polk Failla, Assistant United States Attorney, of counsel), Office of the United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant Guillermo Lopez appeals from a judgment of conviction entered on December 17, 2007 by the District Court, following Lopez's guilty plea. Specifically, on February 20, 2007, Lopez pleaded guilty to conspiring to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 846, and distributing at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. In July 2007, before he was sentenced, Lopez attended a "safety valve" proffer with the government, in accordance with U.S.S.G. 5C1.2(a)(5), at which point he not only discussed the charged conduct but also disclosed his involvement in related narcotics distribution. *See* Appellee App. at 8. The government detailed the proffer in a July 23, 2007 submission to the District Court, and concluded that in light of Lopez's distribution of additional drugs, his offense level was 36. The government then noted that when taking into account Lopez's timely acceptance of responsibility and satisfaction of the safety valve requirements, his offense level was 31, or an applicable Guidelines range of 108 to 135 months in prison. *Id.* at 9. Later the same day, the District Court notified the parties that it would adjourn the sentencing until after November 1, 2007, "after which ... a decision on the proposed amendment to the sentencing guidelines regarding crack is expected." *Id.* at 10. Following the enactment of the crack cocaine amendments to the Guidelines, the government filed an additional sentencing submission on November 7, 2007. The government's submission noted that due to the large quantities of drugs other than crack that Lopez distributed,

which he disclosed in the safety valve proffer, the total base offense level of 36 remained the same. *Id.* at 12.

During the sentencing hearing on December 14, 2007, Judge Stein stated that he agreed with the government that the applicable range was 108 to 135 months, but determined that a sentence of 87 months in prison was "sufficient but not greater than necessary to comply with [the] purposes" of Section 3553(a). *Id.* at 28. After Judge Stein stated his reasons for imposing the sentence, he asked Lopez if he had anything to add, to which Lopez responded: "Your Honor, I don't know if you have taken into account the new law about crack." *Id.* at 29. Judge Stein responded, "Yes, the November 1 guidelines are already calculated in this guideline determination," and then asked Lopez's lawyer to explain again to Lopez how the amendments affected his sentence. *Id.* Finally, at the end of the sentencing hearing, Judge Stein again noted his reliance upon the amended Guidelines: "I should state for the record that I am using the November 1 guidelines. In other words, [this] has taken into account the crack amendments effective November 1." *Id.* at 33.

On appeal, Lopez argues that (1) his sentence was unreasonable because it is "impossible to determine from the record" if the District Court relied upon the amended Guidelines or erroneously relied upon the un-amended Guidelines; and (2) Lopez received ineffective assistance of counsel at sentencing because (i) counsel urged the Court to adopt the Probation Department's sentencing report, which was written before November 1, 2007, and thus used a base offense level calculation that did not account for the crack cocaine amendments to the Guidelines; and (ii) counsel failed to urge Judge Stein to account for the "severity ratio" between crack and powder cocaine. *See* Appellant

Br. at 16, 21–22. We assume the parties' familiarity with the remaining factual and procedural history.

■ Beginning with Lopez's argument that his sentence was unreasonable because it is "impossible to determine from the record" if the District Court relied upon the amended Guidelines, we recite the facts noted above: (1) Judge Stein specifically asked both parties to reschedule the sentencing "until after November 1, after which ... a decision on the proposed amendment to the sentencing guidelines regarding crack is expected," *see* Appellee App. at 8.; (2) the government's November 7, 2007 submission expressly considered the effect of the amendments, *id.* at 12; (3) when asked at the sentencing hearing if the sentence took into account the amended Guidelines, Judge Stein answered "Yes, the November 1 guidelines are already calculated in this guideline determination," *id.* at 29; and (4) Judge Stein specifically stated on the record: "I am using the November 1 guidelines. In other words, [this] has taken into account the crack amendments effective November 1," *id.* at 33. We therefore conclude that Lopez's claim is without merit. We further conclude that the sentence, which is significantly below the correctly calculated Guidelines range, is substantively reasonable.

■ Turning to Lopez's ineffective assistance of counsel argument, we note that a defendant must satisfy a two-part test to show that counsel was ineffective: (1) counsel's representation must fall "below an objective standard of reasonableness .... under prevailing professional norms," *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) this deficiency must have prejudiced his defense. *Id.* at 687, 104 S.Ct. 2052. With respect to Lopez's first claim for ineffective assistance of counsel—that

counsel erroneously relied on the presentencing report, which included a base offense level calculation that did not account for the November amendments to the Guidelines—we again note that Judge Stein repeatedly and unambiguously stated that his sentence accounted for the amendments. Accordingly, Lopez cannot demonstrate that any deficient assistance caused him prejudice of any kind. With respect to Lopez's second claim—that counsel failed to urge Judge Stein to account for the "severity ratio" between crack and powder cocaine—we lack a sufficient record to determine whether trial counsel's performance was deficient and therefore decline to hear the claim. *See, e.g., United States v. Doe*, 365 F.3d 150, 152 (2d Cir. 2004) (holding that this Court may decline to hear an ineffective assistance of counsel claim, thereby permitting the appellant to raise the issue as part of a subsequent § 2255 motion). Accordingly, we dismiss this portion of Lopez's ineffective assistance of counsel claim without prejudice.

### CONCLUSION

We reject all of defendant's claims on appeal, except for the ineffective assistance of counsel claim encompassing the failure to argue the severity of the crack-powder cocaine ratio, which we dismiss without prejudice. Accordingly, the judgment of conviction of the District Court is **AFFIRMED**.