SUMMARY ORDER
Henriquez Morel appeals from a sentence of, principally, a 144-month term of incarceration imposed upon him by the United States District Court for the Southern District of New York pursuant to his plea of guilty to distribution of and possession with intent to distribute heroin and conspiracy to commit that crime. The principal issue at sentencing was the drug amount for which Morel was to be held responsible. In his allocution, Morel admitted responsibility for only 500 grams of heroin. In a subsequent Fatico hearing, however, the government presented evidence of additional drug amounts. The judge who had presided over the proceedings up to this point died, and the case was reassigned to Judge Chin, who relied upon the Fatico hearing transcript to find that, contrary to Morel’s testimony at the hearing, the offense conduct involved many kilograms of drugs. Judge Chin sen-fenced Morel accordingly. We assume the parties are familiar with the facts and procedural history of this prosecution, and the issues presented on appeal.
Morel argues that his sentence was unconstitutional. He contends that the Sixth Amendment, as interpreted by Apprendi, prohibited the sentencing court from considering any drug amounts above the 500 grams of heroin for which he admitted responsibility. We think Morel’s prison sentence is consistent with Apprendi. It falls well within the 40-year maximum sentence authorized by the drug amount to which Morel admitted. See 21 U.S.C. § 841(b)(l)(B)(i). And the sentencing court did not violate Morel’s right to a jury trial when it enhanced his sentence under the advisory Guidelines to account for the many kilograms of drugs it found were attributable to him. See United States v. Vaughn, 430 F.3d 518, 528 (2d Cir.2005) (“[T]he Supreme Court made clear in Booker that when a judge sentences a defendant within the statutory range authorized by [a plea or a] jury verdict and uses advisory Guidelines to calculate that sentence, there is no Sixth Amendment violation.”), cert. denied, 547 U.S. 1060, 126 S.Ct. 1665, 164 L.Ed.2d 405 (2006).
Insofar as Morel argues that his maximum sentence for Apprendi purposes was established by the Guidelines, he misconceives the legal force of the Guidelines after Booker: they are advisory, and they do not establish maximum sentences.
Morel argues that the sentencing court erroneously relied upon a transcript of the Fatico hearing to find the drug amount attributable to him. But his brief mentions only broad categories of legal error— he contends that the transcript was “unreliable” and “had nothing to do with due *355 process” — and fails to supply any analysis. To the contrary, Morel’s trial counsel advised the sentencing court that it could rely on the transcript. Sentencing courts that inherit criminal cases “[a]fter a verdict or finding of guilty” have the discretion appropriate to “complete” the prior court’s “duties.” Fed.R.Crim.P. 25(b)(1). Morel does not show that the sentencing court plainly erred by following his counsel’s advice.
We decline to address Morel’s unsworn allegations that his trial counsel’s assistance was unconstitutionally ineffective. The claim that counsel “refused to seek safety valve relief ... and did not oppose the conduct of a Fatico hearing” involves off-the-record matters better suited to a motion for collateral relief pursuant to 28 U.S.C. § 2255. See United States v. Doe, 365 F.3d 150, 154 (2d Cir.2004), cert. denied, 543 U.S. 975, 125 S.Ct. 449, 160 L.Ed.2d 351 (2004).
We have considered Morel’s other arguments on appeal and find them to be without merit.
For the foregoing reasons, therefore, the judgment of the district court is AFFIRMED.