United States v. Murdock

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand thirteen.

PRESENT: RALPH K. WINTER,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    12-4382

SETH MURDOCK,
         Defendant-Appellant,
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          THEODORE S. GREEN, Green & Willstatter, White Plains, New York.

                        SETH MURDOCK, appearing *pro se*, Bruceton Mills, West Virginia.

**FOR APPELLEES:**  GREGORY L. WAPLES (Paul J. Van de Graaf, *on brief*), *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** as to all parts, without prejudice to renewing his ineffective assistance of counsel claim on collateral review.

Seth Murdock appeals from a judgment of the United States District Court for the District of Vermont (Sessions, J.), following a guilty plea to one count of interstate transportation of stolen motor vehicles, in violation of 18 U.S.C. § 2312. Murdock was sentenced to 30 months of imprisonment, followed by 36 months of supervised release, and restitution in the amount of $30,694.26. On appeal, Murdock argues: 1) the district court improperly denied his motion to substitute counsel; 2) the amount of restitution was improperly calculated; and, 3) his right to legal representation was denied because of an undisclosed conflict of interest. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.  Substitution of Counsel

We review a district court's decision not to substitute counsel for abuse of discretion. See United States v. Simeonov, 252 F.3d 238, 241 (2d Cir. 2001). "To determine whether the trial court abused its discretion, we consider: (1) the timeliness of defendant's request for new counsel; (2) the adequacy of the trial court's inquiry into the matter; (3) whether the conflict resulted in a total lack of communication between the defendant and his attorney; and (4) whether the defendant's own conduct contributed to the communication breakdown." United States v. Carreto, 583 F.3d 152, 158 (2d Cir. 2009).

Murdock withdrew his timely motion to substitute counsel. The court offered to change Murdock's counsel, but Murdock rejected the offer to avoid delaying his trial. The

court then warned Murdock it would be unlikely to substitute counsel later as trial approached. Despite this warning, Murdock renewed the motion less than a month before trial. The court thoroughly inquired into the reasons for Murdock's dissatisfaction with his counsel, but denied the motion. Sympathetic to Murdock's concerns, however, the court permitted Murdock to obtain a second opinion from the lawyer he preferred. Thereafter, during the plea colloquy and sentencing, Murdock never expressed concern with his attorney's performance. Under these circumstances, the district court did not abuse its discretion. We therefore need not address whether Murdock abandoned his right to seek a replacement.

2.    The Restitution Award

We review a restitution order for abuse of discretion. United States v. Marino, 654 F.3d 310, 316 (2d Cir. 2011). "We review the district court's legal conclusions de novo, and its factual findings for clear error." Id. We will uphold an award of restitution if the district court is able to estimate the amount of the victim's losses with some reasonable certainty. See United States v. Gushlak, 728 F.3d 184, 196 (2d Cir. 2013) (the Mandatory Victims Restitution Act "requires only a reasonable approximation of losses supported by a sound methodology"). The district court held a hearing at which the victim testified about his losses. The court credited the victim's testimony based on his twenty-five years of experience managing a bus fleet. Furthermore, he had first-hand knowledge of the work needed to repair and maintain the stolen buses. The district court did not abuse its discretion in basing restitution on this testimony.

3.    Attorney Conflict of Interest

With respect to Murdock's ineffective assistance of counsel claim, this Court has generally been disinclined to entertain such claims on direct review. See United States v. Gaskin, 364 F.3d 438, 467-68 (2d Cir. 2004). The better course is for Murdock to pursue this claim through a collateral habeas proceeding under 28 U.S.C. § 2255, should Murdock wish to proceed in that manner. Accordingly, we therefore dismiss this claim without prejudice to its being renewed in a timely habeas petition. See United States v. Doe, 365 F.3d 150, 152 (2d Cir. 2004).

For the foregoing reasons, the judgment of the district court is **AFFIRMED** as to all parts, without prejudice to Murdock renewing his ineffective assistance of counsel claim on collateral review.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK