United States v. Johnson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of February, two thousand fourteen.

Present:    ROSEMARY S. POOLER,
            REENA RAGGI,
                     *Circuit Judges.*
            LORNA G. SCHOFIELD,
                     *District Judge.*\*

---

UNITED STATES OF AMERICA,

                     *Appellee*,

            -v-                                          12-3328-cr

OWEN JOHNSON, SR.,

                     *Defendant-Appellant.*\*\*

---

Appearing for Appellant:    Daniel M. Perez, Law Offices of Daniel M. Perez, Newtown, N.J.

Appearing for Appellee:     Rosemary Nidiry, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York; Lee

---

\*The Honorable Lorna G. Schofield, United States District Court for the Southern District of New York, sitting by designation.

\*\* The Clerk of the Court is directed to amend the caption as above.

Renzin, Justin S. Weddle, Assistant United States Attorneys, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Owen Johnson Sr. appeals from a judgment of conviction entered August 6, 2012 in the United States District Court for the Southern District of New York (Scheindlin, *J.*), sentencing him principally to 72 months' imprisonment after a jury convicted him on one count of conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. §§ 1343 and 1344; and one count of bank fraud in violation of 18 U.S.C. § 1344. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Johnson argues the district court committed procedural error in sentencing him by improperly calculating the loss amount by taking 30 percent of the total mortgage price of the properties, and instead should have relied on some other measure, such as appraisals or the market value of comparable properties. However, the record below makes clear that Johnson did not challenge the presentence report's method of calculating loss based on an estimate of the properties' value. Rather, Johnson argued that the loss calculation should not include any losses flowing from the deals involving co-defendants Sinclair and Absalom, which would drop the loss range two levels. Indeed, Johnson's sentencing memo stipulated that "if the Court determines that the losses attributable to Johnson exceed $2.5 million, by reason of the Sinclair and Absalom transactions, Level 31 is the appropriate offense level." It is well-settled in our Court that "[w]hen a defendant fails to challenge factual matters contained in the presentence report at the time of sentencing, the defendant waives the right to contest them on appeal." *United States v. Jass*, 569 F.3d 47, 66 (2d Cir. 2009) (internal quotation marks omitted); *see also* Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact."). On this record, we find no error.

Johnson next argues that the government failed to adduce sufficient evidence of his intent to defraud because the government did not demonstrate that the banks involved lost anything of value. Our Court reads the bank fraud statue "expansively." *United States v. Stavroulakis*, 952 F.2d 686, 694 (2d Cir. 1992). The elements of the crime of bank fraud are that the defendant (1) engaged in a "course of conduct designed to deceive a federally chartered or insured financial institution into releasing property;" *United States v. Rodriguez*, 140 F.3d 163, 167 (2d Cir. 1998) (emphasis omitted) (internal quotation marks omitted), and (2) possessed an intent "to victimize the institution by exposing it to actual or potential loss," *id.* at 168 (emphasis omitted). Critically, "the bank need not actually be victimized" so long as the defendant acted with the requisite intent. *Stavroulakis*, 952 F.2d at 694. Our review of the record finds ample evidence on which the jury could conclude Johnson possessed the requisite intent.

2

At oral argument, Johnson's attorney adopted the argument set forth in Johnson's pro se brief urging us to vacate his conviction on the ground of ineffective assistance of counsel at trial. Although on direct appeal we may decide a defendant's ineffective assistance of counsel claim or remand for further fact finding, the Supreme Court has explained that "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to a direct appeal" for deciding such a claim. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *accord United States v. Doe*, 365 F.3d 150, 152 (2d Cir. 2004). The record before us is insufficient to consider the merits of Johnson's ineffective assistance of counsel claim. We therefore dismiss this claim without prejudice to its being renewed in a timely habeas petition pursuant to 28 U.S.C. § 2255.

We have examined the remainder of Johnson's arguments, both in his counseled and pro se briefs, and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk