13-3358-cr
United States v. McAuley

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of April, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         GERARD E. LYNCH,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

    <u>Appellee</u>,

    -v.-                                No. 13-3358-cr

STEVEN McAULEY,

    <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - -X

FOR DEFENDANT-APPELLANT:    LAURIE S. HERSHEY, Manhasset, NY.

FOR APPELLEE:               CRAIG S. NOLAN (Paul J. Van de Graaf, <u>on the brief</u>) <u>for</u> Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT.

1

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Steven McAuley appeals a judgment of conviction (sentencing him chiefly to 63 months' imprisonment) for possession of a firearm by a felon.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

McAuley's only challenge is premised on his lawyer's failure to move to suppress certain of his post-arrest statements on the ground that they were involuntary.  McAuley told the federal agents that he had stolen the gun he was charged with possessing.  On that basis, the district court imposed a two-level Guidelines enhancement.  See U.S.S.G. § 2K2.1(b)(4)(A) (Nov. 1, 2012) ("If any firearm . . . was stolen, increase by 2 levels.").  McAuley argues that, because the statements may have resulted from McAuley's mental illness and drug use, his lawyer's failure to file a suppression motion constituted ineffective assistance of counsel.

"When a criminal defendant on direct appeal asserts trial counsel's ineffective assistance to the defendant, as the defendant does here, we may (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent 28 U.S.C. § 2255 motion; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us."  United States v. Doe, 365 F.3d 150, 152 (2d Cir. 2004) (internal quotation marks and brackets omitted).  However, this Court has a "baseline aversion to resolving ineffectiveness claims on direct review," United States v. Salameh, 152 F.3d 88, 161 (2d Cir. 1998), and the Supreme Court has explained that "in most cases[,] a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance," Massaro v. United States, 538 U.S. 500, 504 (2003); see also id. at 505 ("[I]neffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial.").

2

Resolving ineffectiveness on direct appeal may sometimes be appropriate "when the factual record is fully developed and resolution of the Sixth Amendment claim on direct appeal is 'beyond any doubt' or 'in the interest of justice.'" United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004). The record before us, however, is mostly silent as to the history of McAuley's mental illness, his lawyer's understanding of that illness, and McAuley's demeanor and capacity during the post-arrest interview with federal agents. It would therefore be inappropriate to consider McAuley's ineffective assistance claim on direct appeal.

We have also sometimes remanded ineffective assistance claims to the district court for necessary fact-finding. In Doe, however, we declined to remand a similar claim because "a collateral proceeding under section 2255 provides the defendant with an ample remedy for any ineffectiveness claim." 365 F.3d at 154. As in Doe, "judicial economy is served by requiring the district court to await the defendant's collateral section 2255 motion before addressing his ineffectiveness claim. The court will then be able to decide all of the defendant's collateral claims in one proceeding rather than deciding his ineffectiveness claim now, on remand, and his other collateral claims, should any arise, later, when considering a section 2255 motion."[1] Id. "Because we find that there are no factors here favoring a remand, and because judicial economy is served by requiring the district court to await the defendant's collateral section 2255 motion," United States v. Cimino, 381 F.3d 124, 130 (2d Cir. 2004), we dismiss McAuley's ineffective assistance claim without prejudice to his right to pursue it in a motion brought pursuant to 28 U.S.C. § 2255 before the district court.

---

[1] At issue is a difference in sentencing range between 63-78 months and 51-63 months, so "[e]ven were the defendant to prevail on his argument, we think the chances remote that any . . . downward departure affecting the length of his sentence would be of such magnitude that requiring factual issues underlying his claims to be determined now on remand instead of in due course under section 2255 would have an impact on the overall amount of time the defendant serves on the present charges against him." Id.

The judgment of the district court is hereby affirmed.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK