13-2627-cr (L)
*United States v. Romero*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand fourteen.

PRESENT:   DENNY CHIN,
            SUSAN L. CARNEY,
                 *Circuit Judges*,
            ROBERT W. SWEET,
                 *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                 *Appellee*,

       v.                                 13-2627-cr (L)
                                             13-2652-cr(con)

VIRGILIO MANUEL ROMERO, AKA Pedro,
AKA Big, AKA Pedrocito,
                 *Defendant-Appellant*,

---

     * The Honorable Robert W. Sweet, of the United States District Court for the Southern District of New York, sitting by designation.

NELSON VERAS, AKA Tio, RAFAEL VERAS,
AKA Rafelito, ERIBERTO TAVARES, AKA Banana,

                                              *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                      PETER M. SKINNER, Assistant United States
                                   Attorney (Karl Metzner, Assistant United
                                   States Attorney, *on the brief*), *for* Preet Bharara,
                                   United States Attorney for the Southern
                                   District of New York, New York,
                                   New York.

FOR DEFENDANT-APPELLANT:           HARRY SANDICK (Shekar Krishnan, *on the
                                   brief*), Patterson Belknap Webb & Tyler LLP,
                                   New York, New York.

Appeal from the United States District Court for the Southern District of

New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND

DECREED** that the judgments of the district court are **AFFIRMED**.

Defendant-appellant Virgilio Manuel Romero ("Romero") appeals from

two judgments of conviction entered on July 3, 2013 following his guilty pleas to two

unrelated drug offenses.  On November 8, 2000, Romero pleaded guilty to conspiracy to

distribute and possess cocaine base and cocaine, in violation of 21 U.S.C. §§ 812,

841(a)(1), and 841(b)(1)(A).  On January 3, 2013, Romero pleaded guilty to conspiracy to

distribute and possess methylenedioxy-methamphetamine ("MDMA"), in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  On June 27, 2013, Romero was sentenced in both

cases, in a single proceeding, to concurrent terms of 161 months' imprisonment.  On

appeal, Romero argues that the government breached the parties' plea agreement at sentencing by opposing his application for a three-level adjustment for acceptance of responsibility. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision.

"We review interpretations of plea agreements *de novo* and in accordance with principles of contract law." *United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002). In determining whether the government has breached a plea agreement, we "look to what the parties reasonably understood to be the terms of the agreement," *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (internal quotation marks omitted), and "any ambiguities in the agreement must be resolved in favor of the defendant." *Riera*, 298 F.3d at 133.

After his guilty plea in the first case, Romero fled the United States and failed to appear for sentencing. He was extradited back to the United States pursuant to the new charges involving MDMA. The second case was assigned to Judge Gardephe, and initially the two cases proceeded on different tracks. At the request of both sides, however, eventually the cases were heard together and proceeded to a single sentencing. Romero pleaded guilty in the second case, and Judge Buchwald sentenced him in both cases in a single proceeding on June 27, 2013. The court accepted the Probation Office's Guidelines calculation of a range of 188 to 235 months' imprisonment,

based on a Criminal History Category of I and a Total Offense Level of 36, which did not include a three-level reduction for acceptance of responsibility.

Romero asserts that, during the sentencing, the government breached their plea agreement by opposing a three-level downward adjustment in his offense level for acceptance of responsibility. Romero's principal argument is that the government was aware that the charges would proceed in a single sentencing at the time the December 7, 2012 plea agreement was drafted and that, in effect, the acceptance of responsibility credit should apply to both cases rather than just the second one. We disagree, and hold that the district court correctly concluded that the government did not breach the plea agreement.

In the December 7, 2012 plea agreement, the parties agreed to a three-level reduction in offense level, for acceptance of responsibility. The parties, however, clearly intended this agreement to apply only to the second case. The agreement bore only the docket number for the second case, it specified that Romero would plead guilty to the MDMA charge, and the offense level was determined based on the amount of the MDMA present in that case. The agreement did not refer to the cocaine at issue in the first case, nor did it include an upward adjustment for obstruction of justice, based on Romero's bail-jumping and fleeing the country after his guilty plea to the cocaine offense. The agreement also calculated Romero's criminal history category in two ways, depending on whether Romero was sentenced first in the cocaine case. Finally,

Romero's plea in the first case was covered by a separate plea agreement, dated October 23, 2000, which Romero breached by fleeing.

Hence, it is apparent that the parties did not intend for the December 7, 2012 plea agreement to cover *both* cases. During sentencing, the government acknowledged that "there is no dispute that if [Romero had] been sentenced solely in connection with the [MDMA], the three-point reduction would apply." *App*. at 119-20. Instead, the government only argued that in a combined proceeding the defendant should not receive an adjustment for acceptance of responsibility because of his prior acts associated with the cocaine charge. Thus, the district court properly concluded that the government did not breach the plea agreement.

With respect to Romero's ineffective assistance of counsel claim, we may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent 28 U.S.C. § 2255 motion; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *United States v. Doe*, 365 F.3d 150, 152 (2d Cir. 2004) (internal quotation marks and alterations omitted). We conclude that the record before us is insufficiently developed to permit us to decide Romero's ineffective assistance of counsel claim, and thus we leave it for Romero to pursue in a motion brought pursuant to 28 U.S.C. § 2255 before the district court.

We have considered Romero's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk