17-3559-cr
*United States v. Lee*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand eighteen.

PRESENT:   ROBERT D. SACK,
           BARRINGTON D. PARKER,
           DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*

                    v.                                          17-3559-cr

DONTE LEE,
                    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                      MONICA J. RICHARDS, Assistant United
                                   States Attorney, *for* James P. Kennedy, Jr.,
                                   United States Attorney for the Western District
                                   of New York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:     MARC FERNICH, Law Office of Marc Fernich, New York, New York.

Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Donte Lee appeals from a judgment entered October 31, 2017, convicting him of one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count One"), and one count of possession of marijuana, in violation of the Controlled Substances Act (the "CSA"), 21 U.S.C. §§ 844(a) and 851 ("Count Two"). Lee was sentenced principally to a term of 54 months' imprisonment on Count One and 36 months' imprisonment on Count Two, to run concurrently, followed by three years of supervised release on Count One and one year of supervised release on Count Two, to run concurrently. On appeal, Lee presents four challenges to his conviction: (1) the sufficiency of the evidence as to Count One; (2) the admissibility of evidence related to his initial buccal swab; (3) ineffective assistance of counsel; and (4) the constitutionality of 21 U.S.C § 844(a). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

**I.      Sufficiency of Evidence as to Count One**

The district court did not err in denying Lee's motion for judgment of acquittal because the government presented sufficient evidence that Lee unlawfully possessed a firearm.  We review a district court's denial of a Rule 29 motion *de novo* and will uphold a jury's verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Alston*, 899 F.3d 135, 143 (2d Cir. 2018) (internal quotation marks omitted).  The defendant's burden in challenging the sufficiency of the evidence after conviction is heavy, and we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to a jury's assessments of the witnesses' credibility. *See id.*; *United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018).

Lee has not demonstrated that the government's evidence is "nonexistent or so meager" that no reasonable juror could agree with the government's proposed inferences.  *See United States v. Martoma*, 894 F.3d 64, 72 (2d Cir. 2017).  The government presented evidence that officers saw Lee flee the scene of a suspected shooting holding a bagged object in a manner consistent with one holding a firearm.  Officers later recovered a black bag from a tree and a loaded firearm approximately 20 to 25 feet away from Lee's crashed vehicle following a brief vehicle chase between Lee and the officers.

As circumstantial evidence, the government also presented deoxyribonucleic acid ("DNA") evidence through expert testimony to support its argument that Lee had possession of the firearm. Lee principally quarrels with the expert's (1) finding that the major DNA profile found on the firearm matched Lee's known DNA sample, and (2) use of probabilistic genotyping software, STRMix, to support her conclusion that Lee and two unknown, unrelated individuals probably contributed to the three-person mixed DNA profile found on the firearm rather than three unknown, unrelated individuals. Essentially, Lee disputes the reliability of DNA evidence presented at trial and the credibility of the expert's testimony, but these were questions for the jury. *See Baker*, 899 F.3d at 130 ("'We will not attempt to second-guess a jury's credibility determination on a sufficiency challenge,' particularly when . . . trial counsel already presented these same credibility arguments to the jury.") (internal quotation marks omitted); *United States v. Roman*, 870 F.2d 65, 71 (2d Cir. 1989) ("The weight [of evidence] is a matter for argument to the jury, not a ground for reversal on appeal."). Taken together -- and drawing all inferences in the government's favor -- there was sufficient evidence for a reasonable juror to conclude beyond a reasonable doubt that Lee possessed the firearm.

## II. Admissibility of Evidence Related to Lee's Initial Buccal Swab

The district court did not impermissibly exclude evidence concerning the failure of Erie County's Central Police Service's Forensic Laboratory ("CPS LAB") to

develop a DNA profile from Lee's initial buccal swab taken after his arrest. This Court reviews a district court's evidentiary rulings for abuse of discretion. *United States v. Litvak*, 889 F.3d 56, 67 (2d Cir. 2018). "[S]o long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Sampson*, 898 F.3d 287, 310 (2d Cir. 2018) (quoting *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006)).

On a pretrial motion *in limine*, the district court examined Lee's proposed evidence regarding forensic biologist Maria Orsino's failed attempt to develop a genetic profile from Lee's first buccal swab or to match it to DNA retrieved from the firearm. While Lee now argues that the evidence was "material, probative and crucially relevant to attack the lab's claimed proficiency, integrity and reliability," the district court considered the evidence in the context of Lee's attempt to undermine the reliability of the government's expert on the specific conclusions underlying that expert's testimony. The district court determined that Orsino's testimony would have "barely minimal probative value" because none of the experts' analyses offered at trial -- which were based on a second buccal swab -- would be based on Orsino's work with the initial buccal swab. Orsino was also prepared to testify that data used by the government's expert was sufficient. The district court subsequently weighed the evidence's minimal probative value against the risk that the jury would be confused or misled by the

- 5 -

forthcoming presentation of complex DNA evidence and concluded that Orsino's testimony or any reference to her efforts should be excluded. *See Litvak*, 889 F.3d at 69 ("Relevant evidence may be excluded 'if its probative value is substantially outweighed by a danger of . . . confusing the issues'" or "misleading the jury.") (quoting Fed. R. Evid. 403). That reasoning was neither arbitrary nor irrational. Consequently, the district court did not abuse its discretion in excluding evidence related to Lee's initial buccal swab.

### III. Ineffective Assistance of Counsel

Lee contends that he received ineffective assistance of counsel because his trial counsel failed to seek suppression of Lee's second buccal swab obtained via search warrant. When a criminal defendant on direct appeal asserts trial counsel's ineffective assistance, we may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent [28 U.S.C.] § 2255 [motion]; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *United States v. Doe*, 365 F.3d 150, 152 (2d Cir. 2004) (quoting *United States v. Leone*, 215 F.3d 253, 256 (2d Cir. 2000)). We have repeatedly expressed a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Levy*, 377 F.3d 259, 265 (2d Cir. 2004) (quoting *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003)). Similarly, here, we decline to decide Lee's claim based on the record before us given that the constitutional sufficiency of Lee's counsel's performance is "unripe for seasoned

retrospection." *United States v. Salameh*, 152 F.3d 88, 160 (2d Cir. 1998). Lee is not foreclosed from asserting an ineffective assistance of counsel claim in a future motion under 28 U.S.C. § 2255.

## IV. Constitutionality of 21 U.S.C. § 844(a)

In his final challenge on appeal, Lee asserts that 21 U.S.C § 844(a) is an unconstitutional exercise of Congress's authority under the Commerce Clause in this case, where Lee was convicted of simple possession of less than one ounce of marijuana, particularly as public sentiment shifts toward legalizing marijuana. The Supreme Court has held, however, that "[t]he CSA's categorical prohibition of the manufacture and possession of marijuana as applied to the *intrastate* manufacture and possession of marijuana" does not exceed Congress's authority under the Commerce Clause. *Gonzales v. Raich*, 545 U.S. 1, 15 (2005) (emphasis added); *accord Taylor v. United States*, 136 S. Ct. 2074, 2080 (2016). This Court is bound by Supreme Court precedent, notwithstanding a party's assertion that the direct, controlling authority "would no longer command a majority of the United States Supreme Court." *Adams v. Dep't of Juvenile Justice of City of N.Y.*, 143 F.3d 61, 65 (2d Cir. 1998). Indeed, Lee acknowledges that his argument in this respect is "currently foreclosed by [*Raich*]." Def. Appellant's Br. at 73.

\* \* \*

We have considered Lee's remaining arguments and find them to be

without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

                      FOR THE COURT:
                      Catherine O'Hagan Wolfe, Clerk