UNITED STATES of America,
Appellee,

v.

James VARGO, Defendant–Appellant.

No. 05–0617.

United States Court of Appeals,
Second Circuit.

June 27, 2006.

Lawrence Mark Stern, New York, NY, for Appellant.

Alyssa A. Qualls, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, David C. James, Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. J. GARVAN MURTHA, District Judge.*

* The Honorable J. Garvan Murtha, of the Unit- ed States District Court for the District of

## SUMMARY ORDER

■ Defendant-appellant James Vargo first argues that his trial counsel's repeated failures to object to alleged trial errors constituted ineffective assistance of counsel. While Vargo's allegations about trial counsel's performance in this case are indeed serious, we decline to address his ineffective assistance claim on the merits at this time. "This court is generally disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin,* 364 F.3d 438, 467 (2d Cir.2004). " '[I]n most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance' " because the district court is " 'best suited to developing the facts necessary to determining the adequacy of representation during an entire trial.' " *Id.* at 467–68 (quoting *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003)); *see also United States v. Doe,* 365 F.3d 150, 155 (2d Cir.2004) (noting that although a habeas petitioner does not have a right to court-appointed counsel, the habeas court may appoint counsel under 18 U.S.C. § 3006A(a)(2)(B) if doing so is in "the interests of justice").

■ Because Vargo's counsel failed to object at trial (with few exceptions noted below) we evaluate most of Vargo's remaining claims for plain error under Federal Rule of Criminal Procedure 52(b), a standard under which Vargo must show that any error affected his "substantial rights."

> Under that test, before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the

fairness, integrity, or public reputation of judicial proceedings.

*Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotation marks and citations omitted). Normally, "the defendant must make a specific showing of prejudice to satisfy the 'affecting substantial rights' prong of Rule 52(b)." *United States v. Olano,* 507 U.S. 725, 735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We conclude that, on this record, Vargo is unable to demonstrate that it is more likely than not that any errors affected the outcome of his trial. We express no views as to whether Vargo could demonstrate "prejudice" for an ineffective assistance claim under *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Strickler v. Greene,* 527 U.S. 263, 297–98, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (Souter, J., concurring).

### I. Evidence of Vargo's Robbery

■ Vargo argues that the government improperly introduced evidence that Vargo committed a violent robbery that was collateral to the conspiracy to distribute "Ecstasy." Evidence of the defendant's other bad acts may be admitted " 'for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence.' " *United States v. Carboni,* 204 F.3d 39, 44 (2d Cir.2000) (quoting *United States v. Inserra,* 34 F.3d 83, 89 (2d Cir.1994)); *see also Old Chief v. United States,* 519 U.S. 172, 181, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). We think that in this case, there is a strong argument that the evidence of the robbery was unduly prejudicial and should not have been admitted. Vargo argues that, instead of focusing on the issue of a

Vermont, sitting by designation.

conspiracy to distribute Ecstasy, the government was able to fix the jury's attention on an unrelated violent robbery. In addition to presenting witnesses' testimony, the government discussed the robbery in depth during its opening and closing arguments.

We nevertheless review Vargo's claim for plain error, under which Vargo must show that any error affected his "substantial rights." In light of the totality of the evidence presented at trial indicating that Vargo conspired to distribute Ecstasy, we cannot say, on this record, that it is more likely than not that the error affected the outcome of the trial. *See Olano*, 507 U.S. at 734, 113 S.Ct. 1770.

### II. Impeachment and Hearsay Issues

Vargo's trial counsel preserved several claims related to impeachment hearsay by objecting at trial. Instead of plain error review, these claims are subject to harmless error analysis in which "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed.R.Crim.P. 52(a). "An error in admitting evidence is harmless if the appellate court can conclude with fair assurance that the evidence did not substantially influence the jury." *United States v. Edwards*, 342 F.3d 168, 178 (2d Cir.2003) (internal quotation marks and citations omitted).

### A. Impeachment

■ Vargo argues that on Agent Vecchione's re-direct, the government impermissibly bolstered its cooperating witnesses' testimony with prior statements that failed to satisfy the requirements of Federal Rule of Evidence 801(d)(1)(B)(1) because these statements were made during the proffer sessions and therefore were not made before the witnesses' alleged motive to fabricate. The Rule 801 require-

ments do not apply to the statements at issue in this case because the government offered them for a different, non-substantive purpose: "to rehabilitate the credibility of a witness who has been impeached by a prior inconsistent statement." *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 103 (2d Cir.1995). "[T]he standard for admitting hearsay under this exception is less onerous than the standard used to determine whether testimony qualifies as nonhearsay under Fed.R.Evid. 801(d)(1)(B)." *United States v. Castillo*, 14 F.3d 802, 806 (2d Cir.1994).

The government concedes that, because the prior consistent statements were introduced solely for the purposes of rehabilitation, the court should have given a limiting instruction not to consider the statements for the truth of the matter asserted. This error was nonetheless harmless in light of the other evidence at trial. *Cf. United States v. Bautista*, 252 F.3d 141, 146 (2d Cir.2001).

### B. Hearsay

■ Vargo challenges a witness's testimony that Vargo's supplier stated he had been robbed by Vargo. We think the court may well have erred in admitting this testimony as the statement of a co-conspirator made in furtherance of the conspiracy. *See* Fed.R.Evid. 801(d)(2)(E). But even if this was error, the admission of the hearsay statement was harmless. Because the witness had already testified directly about the more inflammatory details of the robbery, we do not think the challenged testimony added any incremental prejudice.

■ Vargo also challenges the admission of testimony that he was contacted by an associate of Vargo's, Johnny Moran, who passed on a threatening message from Vargo that "if I were to ever rat him out, that he will put it all on me." T. 178. The

government seems to have argued at trial that this statement was not offered for the truth of the matter asserted. This statement also should likely have been ruled inadmissible. Any such error was nevertheless harmless because the statement could nevertheless be admitted as the statement of a co-conspirator made in furtherance of a conspiracy with Vargo to cover up the robbery. *See* Fed.R.Evid. 801(d)(2)(E). Vargo argues that this is a separate conspiracy from the one charged in the indictment, but "[t]he Government merely needs to demonstrate that the declarant and the defendants against whom the statements are offered are members of a conspiracy in furtherance of which the statements are made, and that this conspiracy is 'factually intertwined' with the offenses being tried." *United States v. Stratton*, 779 F.2d 820, 829 (2d Cir.1985) (internal quotation marks and citations omitted).

### III. No Adverse Inference Instruction

■ Vargo concedes that he did not ask the district court for an instruction that the jury not draw an adverse inference from his decision not to testify. Nonetheless, he argues that it was either plain error for the district court not to give such an instruction *sua sponte* or per se ineffective assistance for trial counsel not to make such a request. Neither argument can succeed, as the law recognizes that defense counsel may have valid strategic reasons for not making the request. *See, e.g., Carter v. Kentucky*, 450 U.S. 288, 307, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981) (Stevens, J., concurring); *Lakeside v. Oregon*, 435 U.S. 333, 345, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978) (Stevens, J., dissenting); 1 Leonard B. Sand, et al., Modern Federal Jury Instructions: Criminal P 5.07 at 5–21 comment. Because the record contains no evidence as to the circumstances under which trial counsel failed to request an adverse inference instruction, we express no opinion as to whether such failure constituted ineffective assistance.

We have carefully considered Vargo's remaining claims and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.