19-158 (L)
*United States v. Lita, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty.

Present:
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

      *Appellee*,

   v.

                                         19-158 (L)
                                         19-213 (Con)
                                         19-252 (Con)

DALIA LITA, ELINA RAHMAN, and LUBNA RAHMAN,

      *Defendants-Appellants*.

---

For Appellee:                        CARINA H. SCHOENBERGER, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY

For Defendant-Appellant Dalia Lita:     JAMES P. EGAN, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY

1

For Defendant-Appellant Elina Rahman:  BENJAMIN GRUENSTEIN, Cravath, Swaine & Moore, LLP, New York, NY

For Defendant-Appellant Lubna Rahman: PETER J. TOMAO, Garden City, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Dalia Lita, Elina Rahman, and Lubna Rahman (collectively, "Defendants") appeal from their respective convictions, entered on January 14, 2019, following trial for conspiracy to commit visa fraud in violation of 18 U.S.C. §§ 371 and 1546(a).   The government introduced evidence at trial that, in order to obtain visas, Defendants concealed, among other things, that Elina and Lubna had previously resided in the United States.   On appeal, Defendants primarily challenge the admission of Elina and Lubna's visa applications, the sufficiency of the evidence, and a jury instruction regarding an uncalled consular officer.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.        Admissibility of Visa Applications

We review the district court's evidentiary rulings for abuse of discretion.  *See United States v. Williams*, 930 F.3d 44, 58 (2d Cir. 2019).   The government contends that Defendants objected only on grounds of authenticity in the district court, and that their hearsay claims must therefore also satisfy the plain-error standard of review.   We need not resolve whether plain-error review applies because the district court did not abuse its discretion in admitting the visa applications and, even if it had, any error would have been harmless.

Turning first to authenticity, Federal Rule of Evidence 901(a) requires "the proponent [to] produce evidence sufficient to support a finding that the item is what the proponent claims it is."

2

It is not "a particularly high hurdle" and may be cleared by "circumstantial evidence." *United States v. Dhinsa*, 243 F.3d 635, 658–59 (2d Cir. 2001) (quotation marks and citation omitted). The district court found that the visa applications were satisfactorily authenticated as public records. *See* Fed R. Evid. 901(b)(7). Defendants contend that the government failed to lay a sufficient foundation to establish such authenticity. We disagree. "Public records are regularly authenticated by proof of custody, without more." Fed. R. Evid. 901, Advisory Committee Notes (1972). A representative of U.S. Citizenship and Immigration Services testified to the agency's creation and custody of the Rahmans' A-Files, which contained the visa applications. Such evidence was sufficient to clear the relatively low hurdle posed by Rule 901.

Turning to whether the visa applications contain hearsay, the district court concluded that they were admissible as business records. The government does not defend this rationale on appeal, instead arguing that the applications were not admitted for their truth or, in the alternative, that their contents fall within Rule 801(d)(2)'s hearsay exemptions. We agree. To the limited extent that statements in the applications were offered for their truth, such statements were properly admitted pursuant to Rule 801(d)(2) as either party admissions or statements of a co-conspirator.

The government introduced substantial evidence, detailed below, that all three sisters participated in a conspiracy to commit visa fraud and that the applications were prepared in furtherance of this conspiracy. *See United States v. Gupta*, 747 F.3d 111, 123 (2d Cir. 2014) (noting that statements are admissible pursuant to Rule 801(d)(2)(E) when (a) "there was a conspiracy, (b) . . . its members included the declarant and the party against whom the statement is offered, and (c) . . . the statement was made during the course of and in furtherance of the conspiracy") (quotation marks and citation omitted)); *see also Bourjaily v. United States*, 483 U.S. 171, 176–81 (1987). To the extent Dalia made representations in the applications on behalf of

3

either Elina or Lubna, those statements are admissible against her as the statements of an opposing party and against her sisters as co-conspirator statements. On the other hand, to the extent Elina and Lubna completed the applications, then such statements are admissible for the inverse reasons: They are admissible against each sister pursuant to Rule 801(d)(2)(A) or (B), and against Dalia pursuant to Rule 801(d)(2)(E).

The only statement in the applications that does not qualify as a statement of an opposing party or as a co-conspirator statement is the attestation of the consular officer that Elina and Lubna's attestations were "[s]ubscribed and sworn to before [him or her]." J.A. 469, 494. That statement, however, was not offered for its truth. The government did not rely upon the consular officer's attestation to argue that Elina and Lubna has signed the applications and sworn to the truth of their contents.

Thus, even assuming the visa applications were not admissible as business records, such error was harmless because the applications were admissible either because they were not offered for their truth or under Rule 801(d)(2). *See, e.g.*, *United States v. Vargo*, 185 F. App'x 111, 114–15 (2d Cir. 2006) (rejecting reasoning below and concluding that error was harmless because statement was admissible under Rule 801(d)(2)(E)); *Gonzalez v. Napolitano*, 101 F.3d 109 (2d Cir. 1996) (summary order) ("Because the conviction was undisputedly admissible on this alternative theory, any error on the part of the district court is harmless."). And, because the visa applications were admissible as an opposing party's statements, Defendants' Confrontation Clause challenge is without merit. *See Giles v. California*, 554 U.S. 353, 374 n.6 (2008); *Crawford v. Washington*, 541 U.S. 36, 56 (2004) ("Most of the hearsay exceptions covered statements that by their nature were not testimonial—for example, business records or statements in furtherance of a conspiracy.").

4

**II.    Sufficiency of the Evidence**

Evidence is sufficient to convict if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Where the crime is conspiracy, "there must be some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme . . . and knowingly joined and participated in it." *United States v. Snow*, 462 F.3d 55, 68 (2d Cir. 2006) (quotation marks and citation omitted). Once again, the government contends that it is entitled to an even more deferential standard of review because Defendants failed to renew their motion for acquittal after Dalia presented evidence at trial. Because we conclude that Defendants' sufficiency challenge fails even under the usual standard, we do not address this argument.

Defendants argue that the government failed to produce sufficient evidence that Elina and Lubna *knowingly* submitted applications containing false information. Not so. As Defendants themselves concede, the government presented evidence that all three sisters lived together when the conspiracy began; Elina and Lubna consistently used the names Alina Habib and Lubna Habib Ruma until Dalia submitted visa petitions on their behalf under the names Elina and Lubna Rahman; Elina and Lubna remained in the United States until Dalia obtained visas for them, at which point they traveled to Bangladesh under the surname Habib before returning with the surname Rahman; the two sisters had an incentive to participate in the scheme, namely obtaining visas; the Rahmans' signatures appear on visa applications that falsely stated they had never been in the United States; and the Rahmans completed, and in some instances signed, other forms in English, including a medical form, indicating that they were able to read and understand English. This evidence is plainly sufficient to sustain Defendants' convictions. *See United States v.*

*Santos*, 541 F.3d 63, 73 (2d Cir. 2008) ("interested cooperation" or having "a stake in a venture" coupled with participation in the scheme is sufficient to establish conspiracy).

### III. Jury Instructions

Finally, Defendants argue that the district court erred by failing to give a "missing witness" instruction regarding the government's failure to call the consular officer who signed Elina and Lubna's visa applications. In the alternative, Defendants argue that the "uncalled witness" instruction provided was flawed. Neither argument has merit.

Turning first to the "missing witness" charge, such an instruction "permits the jury to draw an adverse inference against a party failing to call a witness when the witness's testimony would be material and the witness is peculiarly within the control of that party." *United States v. Caccia*, 122 F.3d 136, 138 (2d Cir. 1997). "We review a district court's refusal to provide a requested missing witness instruction for abuse of discretion and actual prejudice." *United States v. Ebbers*, 458 F.3d 110, 124 (2d Cir. 2006).

Defendants assert that the consular officer was peculiarly within the government's control because of the difficulties they would have faced in subpoenaing a State Department employee stationed abroad. Nevertheless, Defendants never asked the government to track down the consular officer or to provide them with any information regarding such officer. We have previously held that a defendant's failure to inquire about a possible missing witness suggests that a witness was not actually unavailable. *United States v. Adeniji*, 31 F.3d 58, 65 (2d Cir. 1994); *United States v. Nichols*, 912 F.2d 598, 602 (2d Cir. 1990). And, as Defendants concede, the State Department provides a mechanism by which private parties may subpoena consular officers. Moreover, "[b]ecause we recognize that an aura of gamesmanship frequently accompanies requests for missing witness charges, . . . [w]e are particularly disinclined to second-guess [district

6

court] decisions [regarding such changes] where, as in this case, a judge refrains from commenting on the inference to be drawn on the facts before the jury and allows counsel instead to argue the inference." *United States v. Gaskin*, 364 F.3d 438, 463 (2d Cir. 2004) (quotation marks and citations omitted). Defendants argued that the absence of the consular officer created reasonable doubt regarding Defendants' guilt. Accordingly, we discern neither an abuse of discretion in nor any prejudice flowing from the district court's decision not to give a "missing witness" charge.

As to Defendants' argument regarding the district court's "uncalled witness" instruction, we review claims of flawed jury instructions *de novo*, "reversing only where, viewing the charge as a whole, there was prejudicial error." *United States v. Sheehan*, 838 F.3d 109, 121 (2d Cir. 2016). Where a witness is equally available to both sides, the district court has "discretion to (1) give no instruction and leave the entire subject to summations, (2) instruct the jury that no unfavorable inference may be drawn against either side, or (3) instruct the jury that an adverse inference may be drawn against either or both sides." *Caccia*, 122 F.3d at 139. The district court here opted to follow the second path.

Defendants argue that the district court's instruction nevertheless suffered from two flaws: (1) it instructed jurors to "not be concerned with why someone was not called as a witness," as opposed to directing jurors to "not draw any inferences" based on the absence of a witness, and (2) the instruction failed to emphasize that the defendant bears no burden in a criminal case. J.A. 334. Neither of these supposed errors rendered the instruction infirm. At oral argument, counsel for Elina Rahman conceded that the instruction was not legally erroneous, but, rather, argued that it was likely to confuse the jury. We identify no evidence of such confusion on the face of the instruction or in the record. Looking at the whole instruction, the court explained that the jury "must decide this case based on the evidence *or lack of evidence* presented" immediately

7

before stating that jurors "should not be concerned with why someone was not called as a witness." J.A. 334 (emphasis added). In context, the charge urged jurors to consider whether sufficient evidence was presented to warrant a particular finding and not to infer anything from the absence of a witness. Further, the court's instruction expressly stated that "the defendant has no obligation to call any witnesses or present any proof." *Id.* Accordingly, Defendants have failed to establish that they suffered any prejudice from the jury instruction provided, even assuming, *arguendo*, it was erroneous in some respect.

*   *   *

We have considered Defendants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8